FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 15, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>LAZARO DIAZ (02),<br><br>    Defendant. | No.   4:19-cr-06048-SMJ-2<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

Before the Court is Defendant's Motion to Dismiss and/or Order Immediate Release, ECF No. 158. Having reviewed the file and the record, and given Defendant's transport for hospitalization, the Court denies the motion.

## BACKGROUND

Defendant first moved for a competency hearing on March 12, 2020. ECF No. 67. The Court granted the motion and set the hearing for May 28, 2020. ECF No. 71. But COVID caused delays in the Government's evaluation of Defendant, so the hearing was delayed. *See* ECF Nos. 78–83, 98–101.

The Court conducted a competency hearing on November 23, 2020. The Court found that Defendant was not competent to stand trial. ECF No. 146. Defendant spent almost five months at SEATAC awaiting transfer to Butner, where

ORDER DENYING DEFENDANT'S MOTION TO DISMISS – 1

he will receive treatment. He has not yet been hospitalized in a suitable facility "to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d). Defendant has had at least one additional seizure since the competency hearing. ECF No. 158 at 7 n.3.

The Court told the parties that it would not allow Defendant to be detained indefinitely awaiting treatment, so it would hold monthly status conferences to determine the status of Defendant's hospitalization and treatment. ECF No. 147. The Court directed parties to file a status report detailing efforts made to secure a placement in a suitable facility and any other updates in the case. *Id.* The Court advised that it would consider all available recourse, including possible dismissal, if the parties' efforts and the progression of this case were unsatisfactory. *Id.*

The Court understands that Defendant finally departed FDC SEATAC on or about April 13, 2021. He is currently in transport to Butner for his hospitalization bed date of May 3, 2021.

## DISCUSSION

18 U.S.C. § 4241(d) directs courts, upon finding that a defendant is currently incompetent, to "commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility – (1) for such a reasonable period of time, not to exceed four months, as is necessary

to determine whether there is a substantial probability" that the defendant will become competent. The statute does not list any exceptions for reasonable delay (unlike the Speedy Trial Act, 18 U.S.C. § 3161, which allows for many exceptions to the seventy-day requirement for proceeding to trial). *See* 18 U.S.C. § 4241(d). Defendant argues that, because four months has past, the Government is out of luck. It has, he asserts, missed its opportunity to determine whether Defendant could attain capacity—even if he will start treatment in the next few weeks. ECF No. 158 at 5. On the other hand, the Government argues that the four months refers to the *hospitalization* of the defendant, rather than the time period that the defendant is in the Attorney General's custody. ECF No. 163 at 2.[1] Defendant responds that

> [t]he government's interpretation would denude the four-month statutory cap in 4241(d) of any real meaning. What good does it do a defendant to limit the period of his hospitalization but place no limits on the time within which he must be placed in such a facility for treatment? Arguably, this is what Congress hoped to avoid by setting a four month limit that can be easily applied, an end date not subject to the myriad factors out of the defendant's control.

ECF No. 164 at 4.

Congress enacted the four-month limitation in response to the due process issues cited by the Supreme Court in *Jackson v. Indiana*, 406 U.S. 715, 738 (1972). *See* S. Rep. No. 98-225, at 236. In that case, the Court determined that a defendant

---

[1] The Government also argues that a habeas petition, not dismissal, is the appropriate avenue for a defendant detained in violation of § 4241(d). ECF No. 163 at 3 (citing *United States v. Magassouba*, 544 F.3d 387, 410 n. 15 (2d Cir. 2008)).

ORDER DENYING DEFENDANT'S MOTION TO DISMISS – 3

could not be committed indefinitely for the purposes of restoration of competency. Such hospitalization must be limited to a "reasonable period of time necessary to determine whether there exists a substantial probability that [the defendant] will attain that capacity in the foreseeable future." *Jackson*, 406 U.S. at 738. Congress, though, specified the four-month cap.

The fundamental issue is whether the four months begin to run from the date of commitment to the custody of the Attorney General, or the date of hospitalization. Courts who have addressed the issue, whether tangentially or squarely, have not agreed on an answer. In *United States v. Strong*, 489 F.3d 1055, 1062 (9th Cir. 2007), the Court stated that "[b]y its own terms, § 4241(d) caps a criminal defendant's initial *commitment* for incompetency to a period of no more than four months." (emphasis added).[2] But the Ninth Circuit in that case was addressing the general constitutionality of the statute, not squarely the issue before this Court. On the other hand, in an unpublished decision, the Ninth Circuit stated that the "four-month period of evaluative commitment begins on the date of *hospitalization*." *United States v. Villegas*, 589 Fed. App'x 372, 373 (9th Cir. 2015) (emphasis added) (affirming the denial of a motion to dismiss even though defendant had been

---

[2] *See also United States v. Kearney*, 2020 U.S. Dist. LEXIS 170931, at *3 n.1 (E.D.N.C. Sept. 18, 2020) (reasoning that the three-month period awaiting hospitalization counted toward the four-month maximum) (citing *United States v. Wayda*, 966 F.3d 294, 310 (4th Cir. 2020)).

ORDER DENYING DEFENDANT'S MOTION TO DISMISS – 4

hospitalized for more than four months, the error was harmless).³ But again, the issue was not squarely before the Court. In *Villegas*, the defendant was in custody for almost four months before hospitalization, which lasted more than four months. *Id.* At the time of the motion to dismiss, the four-month period had expired under either calculation.

Overall, the Court agrees with those courts that have determined the four-month limit applies to *hospitalization*, rather than *commitment*. A plain reading of the statute requires as much. *See* 18 U.S.C. § 4241(d). Thus, the Court does not dismiss this case on purely statutory grounds. And while the Court shares the concerns of Defendant—the Government cannot hold defendants indefinitely awaiting hospitalization—the proper avenue for such a delay in hospitalization would be a motion under the due process clause or the Court's inherent power to manage its docket. In this case, the Court declines to dismiss under either theory.

"A federal court has the responsibility to supervise the administration of criminal justice in order to ensure fundamental fairness. . . . The firing point of the

---

³ *See also United States v. Cottingham*, No. 5:19-CR-10 (JHE), 2020 WL 4341720 (N.D. Ala. July 6, 2020) (analyzing defendant's motion to dismiss under nearly identical circumstances (including COVID) under the due process clause and the court's supervisory powers, rather than a statutory violation, and declining to dismiss); *United States v. Kabinto*, No. CR-08-1079-PCT-DGC, 2009 WL 2358946, at *1–2 (D. Ariz. July 31, 2009) (analyzing a motion to dismiss for delay in transport to facility for hospitalization under the due process clause and the court's supervisory powers and refusing to dismiss).

ORDER DENYING DEFENDANT'S MOTION TO DISMISS – 5

legal system is with the trial judge who is best situated to administer the law and protect the rights of all." *United States v. Richter*, 488 F.2d 170, 173 (9th Cir. 1973) (internal quotations and citations omitted). If Defendant had not been transferred for hospitalization, the Court may have had good reason to dismiss this case using its discretion to protect Defendant's rights. But because he is being transferred, the Court need not exercise its discretion in this case.

Nor can the Court dismiss on due process grounds. "[D]istrict courts may dismiss indictments on due process grounds only when 'government conduct [is] so grossly shocking and outrageous [that it violates] the universal sense of justice.'" *United States v. Zapata-Herrera,* No. 14-CR-3639(GPC), 2015 WL 4878319, at *2 (S.D. Cal. Aug. 14, 2015) (quoting *United States v. Kearns*, 5 F.3d 1251, 1253 (9th Cir.1993)) (alterations in original). The delay is regrettable and unfair to Defendant—especially considering the delay that occurred *before* the competency. But the Government's conduct was not outrageous. COVID caused the delay, a delay out of the Attorney General's control.

Although the delay presents a close call, the Court declines to dismiss considering Defendant's approaching treatment.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss and/or Order Immediate Release, **ECF No. 158**, is **DENIED**.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS – 6

2. To ensure that Defendant only remains hospitalized for a reasonable period of time to determine whether there is a substantial probability that the defendant will become competent, the parties shall file monthly status reports. The reports shall indicate what progress has been made toward determining whether Defendant's competence may be restored, and why additional time is necessary and "reasonable" under the statute.

   A. The parties shall file status reports on **May 31, 2021, June 28, 2021, July 26, 2021, and September 3, 2021**.

   B. By no later than the **September 3, 2021 report**, the Government shall indicate whether it plans to seek further hospitalization under Section 4241(d)(2) or an evaluation under Section 4246 and file any proper motions.

//
//
//
//
//
//
//

ORDER DENYING DEFENDANT'S MOTION TO DISMISS – 7

>> *i.* The parties shall also include the certifications, and any other evidence, required by 18 U.S.C. §§ 4241(d), 4246(a) or any other statute.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the U.S. Marshals Service.

**DATED** this 15th day of April 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge